**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **REBECCA L. INTESO,** | ) | **CASE NO. 1:16CV1893** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

      This matter comes before the Court upon the Objections of Plaintiff Rebecca L. Inteso (ECF DKT #21) to the Report and Recommendation (ECF DKT #20) of Magistrate Judge Thomas M. Parker, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the following reasons, the Court ADOPTS Magistrate Judge Parker's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

# I. FACTUAL BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation (ECF DKT #20) provides a more detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the pleadings and briefs and which incorporates all the documents relevant to the dispute.

In 2011, Plaintiff filed for DIB, alleging disability since April 1, 2008. After the Agency denied her application, Plaintiff attended a hearing before an Administrative Law Judge("ALJ"). The ALJ denied Plaintiff's claim on August 20, 2012; and after the Appeals Council declined review, the denial became the final decision of the Commissioner. Plaintiff filed suit in this court. On October 10, 2014, Magistrate Judge Kathleen B. Burke reversed and remanded the matter for further proceedings consistent with the parties' joint stipulation:

> Upon remand, the agency will afford Plaintiff the opportunity for a new hearing before an ALJ, where Plaintiff may testify and present additional arguments and evidence. The ALJ will further evaluate the claimant's residual functional capacity (RFC) based on the evidence of record, including evidence from 2008 through the date of the ALJ 's decision. The ALJ will further evaluate the opinion of the treating cardiologist, Dr. Grinblatt. The ALJ will, if necessary, obtain supplemental evidence from a vocational expert to clarify the claimant's past relevant work. The ALJ will also consider whether the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles (DOT), pursuant to Social Security Ruling (SSR) 00-4p. The ALJ will proceed through the sequential evaluation process as needed to reach a de novo decision.

After the remand, an Administrative Appeals Judge issued an order vacating the prior final decision and remanding the matter to the ALJ for: (1) further consideration of the treating and non-treating source opinions, including but not limited to the opinion of Dr.

Michael Grinblatt, explaining the weight given to such opinion evidence; (2) for further consideration of the claimant's maximum residual functional capacity; and (3) for clarification of the effect of the assessed limitations on the claimant's occupational base, using supplemental evidence from a vocational expert as appropriate.

At a remand hearing held on February 1, 2016, Plaintiff, a vocational expert and a medical expert all testified. Prior to that hearing, Plaintiff filed a claim for SSI that was considered along with the remand application for DIB.

On June 24, 2016, the ALJ again denied Plaintiff's claim for benefits. The ALJ found that Plaintiff did not engage in substantial gainful activity since April 1, 2008, the alleged onset date. Plaintiff had the following severe impairments: ischemic heart disease status post stents; obesity; diabetes mellitus; and anxiety disorder. Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Plaintiff had the residual functional capacity ("RFC") to perform light work except she could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk six out of eight hours and sit six out of eight hours; push/pull and frequently foot pedal; can occasionally use a ramp or stairs but never a ladder, rope or scaffold; can constantly balance, occasionally stoop, kneel, crouch and crawl; reaching, handling, fingering and feeling are all constant; visual capabilities and communication skills are constant; should avoid dangerous machinery and unprotected heights; should do low stress work with no high production quotas, no piece rate work, no work involving arbitration, negotiation, confrontation, or supervision. Plaintiff was capable of performing past relevant work. The ALJ found that Plaintiff had not been under a disability from April 1, 2008 through the date of the decision.

Plaintiff bypassed the Appeals Council and filed the instant matter with the Court on July 27, 2016. On October 4, 2017, the Magistrate Judge recommended affirming the Agency decision because Plaintiff did not identify any error of law in the ALJ's handling of the case after remand nor any lack of substantial evidence to support the ALJ's post-remand decision.

On October 18, 2017, Plaintiff filed her Objections (ECF DKT #21) to the Report and Recommendation affirming the ALJ's denial of her application for Social Security Disability Insurance Benefits. Specifically, Plaintiff objects to the finding that the law-of-the-case doctrine is inapplicable and that the Court lacks jurisdiction to review whether the ALJ complied with the dictates of the District Court and Appeals Council remand orders. Plaintiff also argues that the ALJ failed to properly consider the treating source opinion; that is, the ALJ failed to consider the validity of the opinion of treating cardiologist, Michael Grinblatt, M.D., during the initial three years of the alleged period of disability.

## II. STANDARD OF REVIEW

**A. Civil Rule 72(b) Standard**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 626, the district court is required to review *de novo* any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. Any party's failure to object in a timely manner to any aspect of the Report and Recommendation may waive the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The district judge is not required to review the Magistrate Judge's factual or legal conclusions that are not specifically objected to by either party, either under a *de novo* standard or any other standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Local Rule 72.3(b) states in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion of where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or commit the matter to the Magistrate Judge with instructions.

**B. Standard for Administrative Law Judge Findings**

The ALJ's findings in a social security hearing will be conclusive if they are supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is more than a mere scintilla and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)); *see also Norman v. Astrue*, 694 F. Supp.2d 738, 740-741 (N.D. Ohio 2010) (noting that substantial evidence is more than a mere scintilla, but less than a preponderance). So long as sufficient evidence supports the Commissioner's finding, the court will defer to that finding even when substantial evidence exists on the record that would support the opposite conclusion. *Warner*, 375 F.3d at 390.

The court must also review whether the Commissioner applied proper legal standards. If not, the court must reverse the Commissioner's decision, unless the error of law is harmless. See e.g., *White v. Comm'r of Soc. Sec.* 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to

follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

### III. LAW AND ANALYSIS

**Law-of-the-case doctrine**

Under the law-of-the-case doctrine, "findings made at one point in the litigation become the law of the case for subsequent stages of that litigation." *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002). As a rule, "on the remand of a case after appeal, it is the duty of the lower court, or the agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions." *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967).

As noted previously, this matter was remanded to the Agency pursuant to the stipulation of the parties. Plaintiff does not argue that the ALJ failed to obey the directions of the remand order. Rather, Plaintiff asserts that the ALJ violated the law-of-the-case doctrine by not complying with the Appeals Council's directive to address Dr. Grinblatt's opinion during the initial three years of the period of disability.

Plaintiff agrees that a reviewing court does not have the authority to review intermediate administrative agency decisions. (ECF DKT #21 at 2). Plaintiff also does not dispute that "the Appeals Council and a district court are separate fora and the law-of-the-case does not attach to an Appeals Council remand." *Id.* However, Plaintiff posits that the Appeals Council's instructions are an *extension* of the District Court remand order and that both remand orders are *in pari materia* and should be construed together to create the law-of-

the-case which the ALJ violated. (Emphasis added). (*Id*. at 4).

The Court finds Plaintiff's argument is unpersuasive. There is no basis for the *extension* or *in pari materia* theory in case law or the Agency regulations. Therefore, the Court accepts the Magistrate Judge's recommended conclusion of law that compliance with the Appeals Council's Order is not reviewable and is not governed by the law-of-the-case doctrine.

**Alleged violation of the treating source rule**

Plaintiff complains that the ALJ committed the same error that required remand in the first place. According to Plaintiff, the ALJ failed to give due consideration to the validity of Dr. Grinblatt's opinion regarding the initial three years of Plaintiff's period of disability.

When an ALJ declines to give controlling weight to a treating physician's opinion, the ALJ must apply several factors to the treating physician's opinion to explain what weight, if any, the opinion should be accorded. Those factors are found in 20 CFR § 404.1527(d) and include:

- the length of the examining relationship and frequency of examination;

- the nature and extent of the treatment relationship;

- supportability of the opinion;

- consistency of the opinion with the record as a whole; and

- the specialization of the treating source.

See *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004) ("if an opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors...in determining what weight to give the opinion.").

At the hearing and in the written decision, the ALJ gave appropriate consideration to Dr. Grinblatt's opinion and explained the weight he assigned to it. The ALJ noted that Dr. Grinblatt is a cardiologist who has followed Plaintiff's condition since 2005. After Plaintiff underwent coronary artery bypass grafting in May of 2011, Dr. Grinblatt followed up with her almost every three months. At the hearing, the ALJ specifically asked Dr. Diana Jo-Chien Pi if she had read Dr. Grinblatt's records and if she could comment on how the functional capacity he attributes to Plaintiff compares to his treating notes. (ECF DKT #15 at 23). Dr Pi complied, but commented: "there are ... I have little [scant] notes before 2012" and "move forward to 2009 ... because I don't have any notes from him." *Id*.

In the decision, the ALJ references Plaintiff's various physicians' treatment notes from the period from 2008 to 2012, yet declines to accord controlling weight to the treating source statement of Dr. Grinblatt:

> Although Dr. Grinblatt, as the claimant's treating cardiologist, is generally accorded deference, I find his opinion is not consistent with the medical evidence of record and is internally inconsistent. ... Dr. Grinblatt's own treatment records note that the claimant's edema is most likely attributable to NSAID use and not her ischemia. ... Lastly, Dr. Grinblatt's treatment notes consistently describe the claimant's objective testing as within normal limits []. For these reasons, I accord little weight to Dr. Grinblatt's opinion. I have taken into consideration its probative value, and concur that the claimant does experience workplace limitations, though not to the degree assessed by Dr. Grinblatt.

The Court finds that the ALJ did not violate the treating source rule. Plaintiff's contention that the ALJ committed the same error that required remand in the first instance is without merit. The Court agrees with the Magistrate Judge that evidence in the record does not support Plaintiff's objection, but rather substantially supports the decision of the ALJ.

### IV. CONCLUSION

Therefore, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act is not erroneous as a matter of law and is supported by substantial evidence. The Magistrate Judge's Report and Recommendation (ECF DKT #20) is ADOPTED and the final decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

                                            **s/ Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated: January 26, 2018**